KNOLL, Justice,
dissenting.
It The majority found the district court erred in terminating the mother’s parental rights because OCS failed in its obligation to make reasonable efforts to assist the parent in finding suitable housing before seeking to terminate parental rights. For the following reasons, I respectfully dissent.
As noted by the majority, the district court found OCS had proven by clear and convincing evidence that termination of parental rights was appropriate under La. Ch. C. art. 1015(4) and (5) on the grounds the mother failed to comply with the OCS case plan by not providing a safe, stable and permanent home for her children. In its reasons for judgment, the district court determined the mother had failed to comply with the case plan by not finding suitable housing, participating in counseling offered by OCS, and establishing proof of income. The court further found the mother had failed to provide support for at least a six-month period from October 30, 2002, to September 3, 2003.
While acknowledging the mother was not a “cruel” or “bad” person and she had good intentions and loved her children, the court noted that love and intentions were not enough and the mother needed to “put some actions behind her love.” Although noting the mother had made sporadic attempts to comply with the case plan, the court concluded these attempts did “not rise to the level of substantial compliance as required by Article 1015(4) and (5).” The record clearly supports this conclusion.
In October 2002, the mother informed OCS she could no longer care for her children as she was being evicted and her electricity was being turned off and she had little food and no transportation. At the time, the mother was unemployed, separating from her husband, and was in the process of being evicted from her residence. Consequently, OCS was granted custody and placed the children in foster homes. Thereafter, the mother went to live with her mother in a two-bedroom mobile home, a home in which the children were not allowed to reside.
Subsequently, in January 2003, the children were adjudicated children in need of care. OCS developed case plans for reunification in which it sought chiefly to have the mother obtain adequate housing for her family, maintain employment sufficient to support her family, and obtain psychological counseling as well as counseling for spousal abuse and substance abuse. When the mother had failed to comply with the case plan by April 2004, the goal of the case plan was changed from reunification to termination of parental rights, at which time the mother was given until December 2004 to complete her case plan. Notably, it was only when the mother failed to comply, especially to find adequate housing, did OCS move to terminate her parental rights.
As noted by the district court, the mother essentially only had to get a house and to prove she could provide the basic necessities of life for her children. This mother never got past step one.
At time of trial in June 2005, the mother still had not obtained adequate housing, but rather continued to live with her mother for the entire period of time her children were in custody. Moreover, the mother was only able to hold a series of short-term jobs. Significantly, she has never voluntarily supported her children, but rather paid child support only by way of garnishing her salary.
At trial, the mother could not explain why after three years she could not have worked more jobs in order to acquire the initial funding necessary to get into a suitable residence or even to rent an apartment or trailer. Instead, she remained living with her mother rent free, *89 her only expenses being when the State garnished her wages and for her personal necessities.
In my view, the facts speak for themselves and no further proof is necessary. The mother has not improved her situation since the time of relinquishment. She has not obtained a steady job, suitable housing, or established the financial wherewithal to support her children in their best interest.
While I do not question this mother’s love for her children, the overriding issue in my view has to be the best interest of the children. The record does not establish how the mother’s circumstances have materially changed since the relinquishment to demonstrate that it would now be in the best interest of the children for the mother to retain her parental rights. While OCS is obligated to make reasonable efforts to reunite the family, OCS was under no obligation to make the mother comply with the case plan. The burden rather was on the parent to either comply with the plan or object to it. The mother in this case simply did neither. Accordingly, I would reverse the court of appeal and reinstate the trial judge’s judgment terminating this mother’s parental rights.